STATE v. ROY FLOWERS.

(Filed 2 May, 1956.)

**Criminal Law § 44: Indictment and Warrant § 17—**

Motion for a bill of particulars and motion for continuance are addressed to the sound discretion of the trial court, and when the indictment affords the defendant sufficient information as to the crime charged and defendant does not show that subpoena had been issued for any witness and does not give the name of any witness whom he wished to have present to testify, no abuse of discretion in denying the motions is shown.

JOHNSON, J., not sitting.

APPEAL by defendant from *Seawell, J.,* September Special Term 1955, HARNETT.

Criminal prosecution on bill of indictment in which the defendant is charged with assault on a female under G.S. 14-33(b) (3).

There was verdict of guilty. From judgment pronounced thereon the defendant appealed.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Taylor & Morgan for defendant appellant.*

PER CURIAM. There was a regular term of court for the trial of criminal causes calendared for Harnett County to convene 29 August. A special term was called for the trial of criminal cases to convene the next week, 5 September. During the regular term defendant was put on trial under a warrant which charged an assault with a deadly weapon. For some undisclosed reason, mistrial was ordered and the solicitor sent a bill charging assault on a female under G.S. 14-33(b) (3). This bill was returned a true bill on Thursday of the regular term. On 6 September, during the special term, the case was called for trial. On motion of the defendant, it was continued until Thursday. The cause was again called for trial on Thursday, 8 September, when for the first time the defendant moved for a bill of particulars and for a continuance for the term. The motions were denied and defendant excepted. Denial of the motions constitutes his primary exceptions brought forward and discussed in his brief.

The bill of indictment afforded the defendant sufficient information as to the crime charged. On his motion to continue he did not make it appear any subpoena had been issued for any witness and did not give the name of any witness whom he wished to have present to testify. He merely alleges in his written motion that "if granted a sufficient

amount of time . . . he will be able to prepare his defense by locating witnesses who would know of his whereabouts . . . if granted such time (he) might be able to show by witnesses that the defendant is not guilty of the crime charged."

Whether the motion for a bill of particulars and for a continuance should be granted or disallowed rests in the sound discretion of the presiding judge. There is nothing appearing on the face of this record to indicate any abuse of that discretion. Indeed, the judge seems to have accorded the defendant considerable consideration. The other exceptive assignments of error are not of sufficient merit to require discussion.

In the trial below we find
No error.

JOHNSON, J., not sitting.